John J. Halpin v. Commissioner.
Halpin v. Commissioner
Docket No. 27238.
United States Tax Court
1951 Tax Ct. Memo LEXIS 172; 10 T.C.M. (CCH) 650; T.C.M. (RIA) 51213; June 29, 1951
John J. Halpin, pro se. Graham Loving, Jr., Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner of Internal Revenue determined a deficiency in income tax against the petitioner for the calendar year 1945 in the amount of $8,168.06. The only issue presently in controversy is whether petitioner is entitled to deduct $15,000 alleged to be a loss on the sale of his former home. Petitioner resides in Garden City, New York, and filed his income tax return for the calendar year 1945 with the collector of internal revenue for the first district of New York. In 1923, petitioner purchased a home for himself and his family in Far Rockaway, New York, for $13,000. He expended an undisclosed amount for remodeling, including *173 new heating facilities, plumbing, bathroom fixtures, and other items. During the year 1930, a strip of the property was condemned for which he was paid $3,500, which was applied against unpaid taxes. Petitioner and his family occupied the property as a home until 1933, when he purchased a new home in Garden City, New York. They never returned to live in the Far Rockaway home. When petitioner vacated the Far Rockaway home in 1933, he placed it in the hands of Teague & Sons, real estate dealers, with instructions to sell. No offers to buy were ever received, except for one from an adjacent convalescent home some years later. The house was never rented nor offered for rent. Several years after moving out, petitioner permitted his sister to live in the house temporarily after her home burned down. The property was finally sold in 1945 for $1,000, the purchaser assuming tax liens and assessments on the property in undisclosed amounts. Petitioner's income tax return for 1945 claimed a deductible loss in the amount of $15,000 computed upon an alleged basis of $23,000, which was adjusted downward by $7,000 for past depreciation. We think that petitioner has failed to show any *174 error in respondent's refusal to allow the deduction. The residential property involved was never appropriated to income-producing purposes, and there is therefore no ground for allowing the deduction in any amount. . Moreover, even if this were the type of situation that could give rise to a permissible deduction, there is no showing on this record that a deductible loss was sustained. There is no evidence whatever as to the value of the property at the time it was vacated by petitioner in 1933, or at any other later time when it might be contended that it became devoted to business or income-producing purposes. Yet, the deduction, if any, cannot exceed an amount computed on the basis of such value. ; ; Regulations 111, Section 29.23(e)-1; cf. . Further, the claimed loss fails to take into account the tax liens and assessments, apparently covering a number of years, which were assumed by the purchaser in 1945. We conclude that respondent's determination has not been shown to be in error. Judgment *175 will be entered for the respondent.